UNITED STATES *v*. MARSHALL FIELD & Co. (No. 3202) [1]

United States Court of Customs and Patent Appeals, December 30, 1929

*Charles D. Lawrence*, Assistant Attorney General (*John F. Kavanagh* and *Oscar Igstaedter*, special attorneys, of counsel), for the United States.
*James W. Bevans* for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

PER CURIAM: Counsel for the Government, on December 27, 1929, filed a motion to vacate a part of the judgment order in the above-entitled cause, and to amend the same, entered pursuant to the order of this court in its decision rendered on November 4, 1929. The motion was accompanied by an affidavit of Government counsel and a certificate of the clerk of the United States Customs Court showing that the order of this court, in affirming the judgment of the said Customs Court in so far as it related to protest 63590–G, was an error. Said papers showed that as to said protest a motion for rehearing was filed in the said Customs Court and was granted, and that the case, in so far as it relates to said protest, is still pending and undecided by said court. These facts did not appear in the record before us when our decision was rendered, and, no appeal having been taken from the judgment so far as it related to said protest, our order provided that the judgment should stand as to it.

In view of the additional facts presented this was an error, and in order that the opinion and judgment might be corrected the court upon its own motion ordered a rehearing.

---

[1] T. D. 43797.

The opinion, 17 C. C. P. A. 287, T. D. 43693, rendered on November 4, 1929, is modified so as to read as follows:

The merchandise involved herein consists of silk, cotton, and linen corsets, which were assessed for duty by the collector at the rate of 90 per centum ad valorem under the first part of paragraph 1430 of the Tariff Act of 1922, as being in part of fringes, gimps, galloons, and braids.

Eight protests, numbered 69118–G/68602, 69402–G/68637, 74967–G/69322, 85685–G/70296, 110078–G/69327, 133453–G/71705, 164260–G/73708, and 189470–G/74058, were filed by the importer against the classification made by the collector, claiming that the merchandise was dutiable under other designated paragraphs, which it is unnecessary to enumerate. All of said protests appear to have been sustained by the court below, and the merchandise declared dutiable under various paragraphs enumerated in the decision.

There was involved in the trial below another protest, 63590–G, and the judgment entered included the merchandise referred to therein. The Government, however, has appealed from the judgment only in so far as it related to the eight protests above referred to. Protest 63590–G is not before us.

The Government in its brief, and upon the argument, conceded that in so far as the judgment of the court below related to embroidered articles it should be affirmed.

The only question before us, therefore, is as to the proper classification of the merchandise in question, not embroidered. Such merchandise appears to be identical in character with that involved in the case of *United States* v. *Marshall Field & Co.*, 17 C. C. P. A. 1, T. D. 43309, which this court held to be dutiable as articles in part of braid under paragraph 1430, which is the classification given by the collector to the merchandise here in question.

We believe that decision was correct, and it governs this case.

We may add that in any event there was no competent evidence upon the trial below tending to show improper classification by the collector, except as to certain of the merchandise being embroidered, which the court below found to be a fact.

The judgment of the Customs Court is *affirmed* in so far as it relates to the items of embroidered corsets, and *reversed* in so far as it relates to all other merchandise covered by the appeal.

The judgment order of this court, heretofore entered, will be *vacated* and a new judgment order entered in accordance with this opinion.